UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY HARP,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:18-cv-02849<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES** Stacy Harp ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Diversified Consultants, Inc. ("Defendant" or "Diversified") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District, and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

## FACTS SUPPORTING CAUSES OF ACTION

6. Before November 2017, Plaintiff defaulted on a consumer debt ("subject debt").

7. Thereafter, Defendant acquired the rights to collect the subject debt.

8. In or around late November 2017, Plaintiff began receiving calls from Defendant in an attempt to collect on the subject debt.

9. Plaintiff began receiving these calls to her cellular telephone number, (317) XXX-3752.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Around the time the calls began, Plaintiff answered a call from Defendant and told Defendant to stop calling her.

12. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff on her cellular phone.

13. In early 2018, Plaintiff answered another call from Defendant. Plaintiff again requested that Defendant stop calling her cellular phone.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

14. On January 26, 2018, Plaintiff suffered the tragic loss of her son. Defendant's unwanted calls added additional stress to Plaintiff.

15. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between late November 2017 and the present day.

16. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

19. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

20. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times, with such frequency as can be reasonably expected to harass.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

## DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

31. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

35. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

36. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

37. Additionally, Defendant was notified by Plaintiff that its calls were interrupting Plaintiff's time. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    b. **Violations of FDCPA § 1692d**

38. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

39. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

40. As pled above, Plaintiff was severely harmed by Defendant's conduct.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

42. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

43. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff STACY HARP respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

45. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

47. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

48. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

49. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between late November 2017 and the present day, using an ATDS without her prior consent.

50. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called in late 2017.

51. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

52. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

53. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

54. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

55. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff STACY HARP respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 14, 2018                    Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
<u>/s/ Marwan R. Daher</u>
<u>/s/ Omar T. Sulaiman</u>
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com